UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS HARPER,

        Petitioner,                        Case Number 20-13448

v.                                                      Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER TRANSFERRING PETITION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Petitioner Carlos Harper, an inmate presently confined by the Bureau of Prisons at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In his *pro se* petition, Harper challenges the validity of federal convictions that originating in the Eastern District of Michigan, and he also appears to challenge the constitutionality of his ongoing imprisonment on the ground that his health is endangered by the spread of the COVID-19 disease at his facility.  Because venue in this matter properly lies in a different federal court, the case will be transferred to the United States District Court for the Northern District of West Virginia.

On December 26, 2017, in the district court for the Eastern District of Michigan, Harper pleaded guilty to conspiracy to interfere with commerce by robbery, four counts of interference with commerce by robbery, and two counts of use of a firearm in relation to a crime of violence. United States v. Harper, No. 17-20261 (E.D. Mich.).  He was sentenced to a term of 655 months in prison.

Harper did not appeal his convictions and sentences.  On September 17, 2018, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting that he was denied the effective

assistance of trial counsel. The Court denied that motion on January 14, 2019. Harper later sought permission in the Sixth Circuit to file a second section 2255 motion, but his motion for authorization was denied. *See In re Harper*, No. 19-2241 (6th Cir. Mar. 27, 2020).

In his present petition, Harper asserts that the United States Attorney engaged in malicious prosecution based on a defective indictment, and that the Court lacked jurisdiction over his criminal case. He also challenges his continued imprisonment on Eighth Amendment grounds based on his recent cancer diagnosis and the spread of COVID-19 at his facility.

As noted above, Harper mounted an earlier collateral attack on his conviction in a motion to vacate under section 2255. He now attempts to mount a second challenge to his continued imprisonment by filing a petition under 28 U.S.C. § 2241. The savings clause of section 2255(e) allows such a move in certain limited circumstances. *See Wright v. Spalding*, 939 F.3d, 695, 698 (6th Cir. 2019). But even if some of Harper's claims may satisfy the criteria for proceeding via that exception, Harper cannot maintain an action under § 2241 in this Court because the types of claims that he now asserts must be presented to a district court in the district where he presently is imprisoned. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Wright v. United States Board of Parole*, 557 F. 2d 74, 77 (6th Cir. 1977). Due to that jurisdictional mandate, habeas proceedings challenging ongoing confinement may in some instances need to be commenced in a court other than the district court where the petitioner was convicted. *Martin v. Perez*, 319 F. 3d 799, 803 (6th Cir. 2003). The fact that Harper was convicted in the Eastern District of Michigan does not confer jurisdiction in this Court over the claims that he now seeks to pursue via his petition under section 2241. *Robinson v. Morrison*, 27 F. App'x. 557 (6th Cir. 2001).

- 3 -

Although dismissal may be appropriate when a court does not have jurisdiction over the claims or parties involved in a case, it is not the preferred remedy.  Instead, if possible, "the court [should] transfer [the] action . . . to any other such court . . . in which the action . . . could have been brought," as long as the transfer "is in the interest of justice."  28 U.S.C. § 1631; *see also Roman v. Ashcroft*, 340 F. 3d 314, 328 (6th Cir. 2003).  Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the proper respondent, the Court may transfer the case to the appropriate district court *sua sponte*.  *See Mathis v. Merlak*, No. 16-14211, 2016 WL 7157403, at *2 (E.D. Mich. Dec. 8, 2016); *Bursey v. Recktenwald*, No. 16-10499, 2016 WL 8677296, at *1 (E.D. Mich. Feb. 12, 2016) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813-14 (D.C. Cir. 1988)).  The Court that the interests of justice will be served by transferring the case to the district court with jurisdiction over the petitioner's present custodian, which is the Northern District of West Virginia, is where USP Hazelton is located.  *See* 28 U.S.C. § 129(a).

Accordingly, it is **ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Northern District of West Virginia.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   June 10, 2021